UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANU J. TEJWANI,                                         08 CV 02966 (SCR)(GAY)

                Plaintiff,

       -against-                                  **VERIFIED ANSWER**

UNITED AIRLINES INC.; UAL CORPORATION,

                Defendants.
------------------------------------------------------------X

       The defendants, UNITED AIR LINES, INC. s/h/a UNITED AIRLINES, INC. and UAL CORPORATION (hereinafter "UNITED" and "UAL") as set forth the following as and for their Verified Answer to Plaintiff's Complaint:

       1.    Denies the allegations contained in the paragraph numbered "1" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

       2.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "2" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

       3.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "3" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

       4.    Denies the allegations contained in the paragraph numbered "4" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

       5.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "5" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

6. Denies the allegations contained in the paragraph numbered "6" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

7. Denies the allegations contained in the paragraph numbered "7" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "8" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "9" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

10. Admits the allegations contained in the paragraph numbered "10" of the plaintiff's Complaint to the extent that UAL is a Delaware corporation and that UAL is the parent company of its wholly-owned subsidiary UNITED and UNITED is engaged in the interstate air transportation of passengers for hire.

11. Admits allegations contained in the paragraph numbered "11" of the plaintiff's Complaint to the extent that UNITED is a Delaware corporation, is engaged in the interstate air transportation of passengers for hire, ands has operations at LAX airport.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "12" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "13" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "14" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

15. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "15" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "16" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "17" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

18. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "18" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

19. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "19" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

20. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "20" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

21. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "21" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

22. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "22" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

23. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "23" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

24. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "24" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

25. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "25" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

26. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "26" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

27. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "27" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

28. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "28" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

29. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "29" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

30. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "30" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

31. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "31" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

32. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "32" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

33. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "33" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

34. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "34" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

35. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "35" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

36. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "36" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

37. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "37" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

38. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "38" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

39. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "39" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

40. Denies the allegations contained in the paragraph numbered "40" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

41. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "41" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

42. Denies the allegations contained in the paragraph numbered "42" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

43. Denies the allegations contained in the paragraph numbered "43" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

44. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "44" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

45. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "45" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

46. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "46" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

47. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "47" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

48. Denies the allegations contained in the paragraph numbered "48" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

49. Denies the allegations contained in the paragraph numbered "49" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

50. Denies the allegations contained in the paragraph numbered "50" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

51. Denies the allegations contained in the paragraph numbered "51" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

52. Denies the allegations contained in the paragraph numbered "52" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

53. Denies the allegations contained in the paragraph numbered "53" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

54. Repeats, reiterates and realleges each and every admission and denial as is contained therein in response to the allegations contained in the paragraphs numbered "1" through "53" of the plaintiff's Complaint.

55. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "55" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

56. Denies the allegations contained in the paragraph numbered "56" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

57. Denies the allegations contained in the paragraph numbered "57" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

58. Denies the allegations contained in the paragraph numbered "58" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

59. Repeats, reiterates and realleges each and every admission and denial as is contained therein in response to the allegations contained in the paragraphs numbered "1" through "58" of the plaintiff's Complaint.

60. Denies the allegations contained in the paragraph numbered "60" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

61. Denies the allegations contained in the paragraph numbered "61" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

62. Repeats, reiterates and realleges each and every admission and denial as is contained therein in response to the allegations contained in the paragraphs numbered "1" through "61" of the plaintiff's Complaint.

63. Denies the allegations contained in the paragraph numbered "63" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

64. Denies the allegations contained in the paragraph numbered "64" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

65. Denies the allegations contained in the paragraph numbered "65" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

66. Denies the allegations contained in the paragraph numbered "66" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

67.  Repeats, reiterates and realleges each and every admission and denial as is contained therein in response to the allegations contained in the paragraphs numbered "1" through "66" of the plaintiff's Complaint.

68.  Denies the allegations contained in the paragraph numbered "68" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

69.  Denies the allegations contained in the paragraph numbered "69" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

70.  Denies the allegations contained in the paragraph numbered "70" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

71.  Denies the allegations contained in the paragraph numbered "71" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

72.  Denies the allegations contained in the paragraph numbered "72" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR A FIRST DEFENSE

73.  Plaintiff's Complaint fails to allege facts sufficient to state an actionable cause of action against UNITED and UAL.

## AS AND FOR A SECOND DEFENSE

74.  That the Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, formerly codified at 49 U.S.C. Section 1301, et. seq., now recodified and incorporated into 49 U.S.C. 40101, et. seq., together with the amendments to same and the regulations promulgated thereunder, establish the uniform and exclusive standards that air carriers must follow with

respect to aviation safety and security and such federal standards implicitly pre-empt any State common law or statutory standards purporting to govern same.

75.  UNITED's and UAL's compliance with the aforesaid federal standards precludes a finding of liability against them.

## AS AND FOR A THIRD DEFENSE

76.  That if any of Plaintiff's claims relate to rates, routes or services as set forth in the 1978 Airline Deregulation Act, formerly codified as 49 U.S.C. 1305, now recodified and incorporated into 49 U.S.C. 41713(b)(1), then Plaintiff's right to assert such claims are pre-empted by same.

## AS AND FOR A FOURTH DEFENSE

77.  That if the Plaintiff intends to assert that common law or statutory law of the individual States requires air carrier to implement security procedures that are different from the obligations imposed by the aforestated federal statutes and regulations, that claim must be dismissed since it would constitute an unconstitutional burden on interstate air commerce.

## AS AND FOR A FIFTH DEFENSE

78.  That Plaintiff's remedy is limited by tariff and the contract of carriage.

## AS AND FOR A SIXTH DEFENSE

79.  That UNITED's and UAL's actions and decisions were justified.

## AS AND FOR A SEVENTH DEFENSE

80.  That if the Plaintiff suffered damages in the manner set forth in Plaintiff's Complaint then said damages were caused and/or contributed to by reason of Plaintiff's culpable conduct and accordingly, Plaintiff's damages, if any, must be reduced in accordance with Plaintiff's relative percentage of fault.

## AS AND FOR AN EIGHTH DEFENSE

81. Pursuant to CPLR Article 16, the Defendants hereby demand that the liability, if any, of the defendants be limited to the equitable share of the defendant in accordance with the relative culpability of each and every party or non-party, causing or contributing to the total liability for non-economic loss. If Defendants' liability is found to be fifty percent or less of total liability assigned to all liable persons due to Plaintiff's failure to join a necessary tort feasor, Plaintiff's non-economic recovery shall be limited to the percentage of Defendants' liability.

## AS AND FOR A NINTH DEFENSE

82. That if Plaintiff asserts a claim for any past or future cost or expense incurred or to be incurred for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, then if the cost of same is replaced or indemnified in whole or in part for collateral sources such as defined in Section 4545(c) of the New York Civil Practice Law and Rules and, if any, damages are recoverable against the answering defendants for same, then the amount of such damages should be reduced by the amount of benefits which Plaintiff has or will receive from such collateral source.

## AS AND FOR A TENTH DEFENSE

83. UNITED and UAL reserve the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

## AS AND FOR AN ELEVENTH DEFENSE

84. That to the extent that any of the separate defenses to the allegations of the Plaintiff's Complaint asserted herein on behalf of UNITED and UAL are deemed affirmative defenses, they are specifically realleged, reiterated and incorporated herein as affirmative defenses.

11

**WHEREFORE**, defendants, UNITED AIR LINES, INC. s/h/a UNITED AIRLINES, INC. and UAL CORPORATION, demand judgment dismissing the plaintiff's Complaint together with the costs and disbursements of this action.

Dated: New York, New York
April 21, 2008

                                            QUIRK AND BAKALOR, P.C.

                                            By: _____
                                                 Brian P. Sexton, Esq. (BPS 2883)
                                          Attorneys for Defendants
                                          UNITED AIR LINES, INC. s/h/a UNITED
                                          AIRLINES, INC. and UAL CORPORATION
                                          845 Third Avenue, 15th Floor
                                          New York, New York  10022
                                          (212) 319-1000

TO:    MANU J. TEJWANI
         Plaintiff Pro Se
         1327 Ethan Court
         Yorktown Heights, N.Y. 10509
         (914) 962-0679

## ATTORNEY VERIFICATION

**BRIAN P. SEXTON**, an attorney admitted to practice in the Courts of the State of New and the District Court for the Southern District of New York hereby affirms under the penalties of perjury:

I am a member of the firm Quirk and Bakalor, P.C., attorneys for defendants, **UNITED AIR LINES, INC.** and **UAL CORPORATION**, in the within action.

I have read the foregoing Verified Answer and know the contents thereof to be true, to my knowledge, except as to those matters alleged to be upon information and belief, which matters I believe to be true.

This verification is made by your affirmant because the defendants, **UNITED AIR LINES, INC.** and **UAL CORPORATION**, reside outside the county in which your affirmant's office is located.

Dated: New York, New York
April 21, 2008

_____
Brian P. Sexton, Esq. (BPS 2883)

| | Certification By Attorney | certify that the within has been compared by me with the original and found to be a true and complete copy. |
|---|---|---|
| ☐ | Attorney's Affirmation | state that I am the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

.................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss.:
I, the undersigned, being duly sworn, depose and say: I am

| ☐ | Individual Verification | in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. |
|---|---|---|
| ☐ | Corporate Verification | the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof. |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF  NEW YORK  ss.:  (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at  NEW YORK, NEW YORK
On  April 22, 2008  I served the within  VERIFIED ANSWER

| ☒ | Service By Mail | by mailing a copy to each of the following persons at the last known address set forth after each name below. |
|---|---|---|
| ☐ | Personal Service on Individual | by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:* |
| ☐ | Service by Electronic Means | by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name. |
| ☐ | Overnight Delivery Service | by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below. |

MANU J. TEJWANI
Plaintiff Pro Se
1327 Ethan Court
Yorktown Heights, New York 10509
(914) 962-0679

Sworn to before me on
April 22, 2008

SUSAN B. CLEARWATER
Notary Public, State of New York
No. 31-4874749
Qualified in New York County
Commission Expires October 6, 20__

.................................................
The name signed must be printed beneath
TIFFANY KEYS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 08 CV 02960 (SCR)(GAY)   Year

---

MANU J. TEJWANI,

Plaintiff,

- against -

UNITED AIRLINES, INC.; UAL CORPORATION,

Defendants.

---

VERIFIED ANSWER

---

QUIRK AND BAKALOR, P.C.
Defendants,
Attorney(s) for  UNITED AIR LINES, INC. & UAL CORPORATION
Office and Post Office Address, Telephone

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

---

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                                                                   of which the within is a true copy
will be presented for settlement to the HON.                                    one of the judges of the
within named Court, at
on                                         at                          M.

Dated,